HARBER PHILADELPHIA CENTER CITY OFFICE LIMITED, Lowell Harwood, Myron J. Berman, Appellants,

v.

LPCI LIMITED PARTNERSHIP, LCCO Limited Partnership, Tokai Bank, Eric Eichler, Jay G. Cranmer, Michael V. Sencindiver, LCOR, Inc., Appellees.

Superior Court of Pennsylvania.

Argued Oct. 25, 2000.

Filed Dec. 21, 2000.

Arthur Makadon, Philadelphia, for Lowell Harwood, appellant.

Kim H. Sperduto, Washington, DC, for LCOR, Inc., appellee.

William J. Leonard, Philadelphia, for Tokia Bank, appellee.

Before DEL SOLE, JOHNSON, and BECK, JJ.

JOHNSON, J.:

¶ 1 Harber Philadelphia Center Office Limited, Lowell Harwood, and Myron J. Berman (hereinafter collectively referred to as "Harber") appeal the trial court's order entering summary judgment in favor of the defendants. Harber asserts that the court erred as a matter of law in concluding that its current action is precluded under the doctrine of res judicata. For the following reasons, we affirm.

¶ 2 This matter arises from a failed real estate development project by LPCI Limited Partnership (LPCI). LPCI was formed by Harber Philadelphia Center City Office Limited (Harber Philadelphia) and Linpro Penn Center Inn Limited (LCCO). Harber Philadelphia was a limited partner in LPCI, and LCCO was the general partner in LPCI. Harwood and Berman are the general partners of Harber Philadelphia, while Eric Eichler, Jay G. Cranmer, and Michael V. Sencindiver are the general partners of LCCO. Defendant LCOR, Inc. operated as LPCI's management agent.

¶ 3 In 1984, LPCI purchased a hotel property then operating at the corner of 20th and Market Streets in Center City Philadelphia. In 1989, LPCI pledged the premises as collateral for a commercial loan from Tokai Bank, New York Branch (Bank) in the amount of thirty million dollars. LPCI planned construction on the premises of twin fifty-story office towers. Accordingly, LPCI demolished the existing structure, excavated the site and commenced construction. In 1991, LPCI became insolvent and failed to make scheduled payments to Bank. The planned office towers were never completed, leaving only the excavation and portions of a foundation that were subsequently covered over. Negotiations between LPCI and Bank failed to resolve LPCI's default and, in 1995, LPCI attempted, under the direction of LCCO, to sell the premises to a third party for less than the thirty million-dollar obligation outstanding to Bank. Additionally, Bank tried to sell its own interest in the property. Berman, Harwood and Harber Philadelphia objected to the planned transfers and, on or about October 19, 1995, filed a complaint for injunctive relief in the Supreme Court of New York, County of New York (New York trial court) naming Bank, Eichler, Sencindiver, Cranmer, LPCI, LCCO, and LCOR (collectively, the "Partnership Defendants") as defendants.

¶ 4 The complaint consisted of six counts divided into sixty-four numbered paragraphs. Counts I and V asserted claims against all defendants, for injunctive, declaratory and equitable relief (Count I) and interference with prospective econom-

ic advantage (tortious interference)(Count V). Counts II, III, IV and VI raised claims against only the Partnership Defendants and not against Bank. In these counts, Harber asserted fraud and misrepresentation (Count II), breach of contract (Count III), and breach of fiduciary duty (Count IV). Based on the allegations in these counts, Harber sought injunctive relief "restraining and enjoining defendants, or any of them or their agents, from transferring, liquidating, selling, disposing, encumbering, pledging or taking any other action to transfer or dispose of plaintiffs' partnership interest in Linpro Penn Center, or any portion of said partnership interest[.]" R.R. at 48a. *See also* R.R. at 55a (demanding "immediate temporary, preliminary and permanent injunctive relief, restraining and enjoining defendants or any other persons acting in concert with them, from taking any action to divest plaintiffs' partnership interest in the Partnership[.]"). Harber also sought an accounting (Count VI).

¶ 5 Following a hearing on Harber's complaint, the New York trial court declined to enter an injunction, concluding that Harber failed to show a likelihood of success on its claims. Subsequently, Bank filed a motion to dismiss Harber's action prior to discovery. At a proceeding convened on May 8, 1996, the court recapitulated Harber's claims and addressed its assertion that Bank and the Partnership Defendants "cannot dispose of the property to a third party in the absence of consent." R.R. at 123a. The court found the assertion "unavailing," concluding that Harber had failed to account for provisions of LPCI's partnership agreement that empowered the general partner to dispose of partnership property without the consent of the limited partner in the event of insolvency of the partnership, and "did not allege any basis upon which to prevent the bank from enforcing its right as mortgagee." R.R. at 124a. Consequently, the court dismissed the action against Bank in its entirety. On December 20, 1996, Bank accepted the deed to the premises in lieu of foreclosure and substantially released the parties from liability on the underlying note.

¶ 6 In the interim, the Partnership Defendants had filed a motion for summary judgment. By order of December 16, 1996, the New York trial court dismissed Harber's Counts II and V, which alleged fraud/misrepresentation and tortious interference, respectively. The court based its disposition of Count II on a conclusion that the claim as pled "lack[ed] sufficient specificity and [was] somewhat speculative." R.R. at 133a. Similarly, concerning Count V, the court reasoned "[Harber has] failed to allege that the defendants acted to [sic] any wrongful means." R.R. at 133a. Thereafter, the Partnership Defendants filed a renewed motion for summary judgment asserting, *inter alia,* that Harber's Counts III (breach of contract) and IV (breach of fiduciary duty) were time barred. R.R. at 138a. The court accepted the Partnership Defendant's arguments and, by order dated September 14, 1998, the court dismissed "the remaining claims" as time barred. R.R. at 144a–148a.

¶ 7 The current action is the second of two Harber filed in the Court of Common Pleas of Philadelphia County. The first has since been abandoned by the parties and is not pertinent to our disposition. In this action, Harber's complaint consists of three counts divided into fifty-four numbered paragraphs sounding in declaratory judgment, "fraudulent transfer," and tortious interference with contractual relations. R.R. at 156a, 161a, 167a (Counts I–III, respectively). The defendants, all of which were named in the New York action, contend that Harber's complaint raises again the allegations and causes of action addressed by the New York trial court. Accordingly, Bank filed a motion for summary judgment, in which the Partnership Defendants joined, seeking dismissal of the complaint on the basis of the doctrine of res judicata. The Philadelphia trial court granted the motion, concluding that all of

the claims Harber raised had been litigated in the New York action. Harber filed this appeal.

¶ 8 Harber raises the following questions for our review:

1. Whether, under the doctrine of res judicata, the ruling in a 1995 New York action that defendants were entitled to dispose of certain real property by foreclosure sale in accordance with the relevant loan documents precluded as a matter of law a 1997 Philadelphia action challenging defendants' actual disposition of the subject property in 1996 not by the foreclosure sale authorized by the New York court but, rather by different and wrongful means for which the loan documents did not provide.

2. Whether, under the doctrine of res judicata, the ruling in a 1995 New York action that certain common law claims were barred by the applicable statutes of limitations comprised a judgment on the merits sufficient to preclude as a matter of law the assertion of unrelated statutory claims in a 1997 Philadelphia action concerning a transaction that did not occur until December 1996.

Revised Brief for Appellants (Brief for Appellants) at 2.

¶ 9 Our scope of review of an order granting summary judgment is plenary. *See Charles D. Stein Revocable Trust v. Gen. Felt Indus., Inc.,* 749 A.2d 978, 980 (Pa.Super.2000), *appeal denied* 563 Pa. 697, 761 A.2d 547 (2000).

Accordingly, we apply the same standard as the trial court, reviewing all of the evidence of record to determine whether there exists a genuine issue of material fact. In the absence of a factual dispute, we must discern whether the moving party is entitled to judgment as a matter of law.

*Id.*

¶ 10 In its first question on appeal, Harber asks us to determine whether the trial court erred as a matter of law in concluding that the doctrine of res judicata bars litigation of its claims in the current action against Bank. Harber argues that the trial court erred because the cause of action in the case before us "is not sufficiently identical to the cause of action in the New York action to warrant application of the doctrine of res judicata." Brief for Appellant at 16. *See also Hopewell Estates, Inc. v. Kent,* 435 Pa.Super. 471, 646 A.2d 1192, 1194 (1994) (restating prerequisites for finding of res judicata as follows: "(1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of persons or parties to the actions; and (4) identity of the quality or capacity of the parties suing or sued."). Harber asserts that the disposition of the New York trial court addressed only the Defendant's attempted sale of the property to a third party, rather than the subsequent transfer to Bank of the deed in lieu of foreclosure. Brief for Appellants at 15. Before addressing the merits of this contention, however, we note the Defendants' assertion that Harber has not previously raised the scope of the New York court's order to defeat application of res judicata on summary judgment. The Defendant's assert that because Harber did not argue the scope of the New York order in opposition to their motions for summary judgment in this action, it has failed to preserve this issue for appellate review. The Defendants ask us to conclude accordingly that Harber's argument asserting a lack of identity of the subject matter of the litigation in the respective actions is waived. In response, Harber appears to recognize that it has interjected a new legal argument on appeal, but dismisses the change as a "stylistic variation." Revised Reply Brief of Appellants at 4. Defendants argue also that notwithstanding their change in the argument our rules requiring issue preservation, *see* Pa.R.A.P. 302, do not apply in the context of summary judgment. Revised Reply Brief of Appellants at 5

(quoting *Tukovits v. Prudential Ins. Co.*, 448 Pa.Super. 540, 672 A.2d 786, 791 n. 6 (1996), and *Kelly v. Ickes*, 427 Pa.Super. 542, 629 A.2d 1002, 1005 (1993)).

¶ 11 Our Supreme Court has admonished that "[a]n appellate court does not sit to review questions that were neither raised, tried, nor considered by the trial court." *Dollar Bank v. Swartz*, 540 Pa. 369, 657 A.2d 1242, 1245 (1995) (quoting *Commonwealth, Dep't of Transp. v. Boros*, 533 Pa. 214, 620 A.2d 1139, 1143 (1993)). Although, as Harber argues, the Superior Court has in the past made exceptions to this general rule in appeals from summary judgment, the basis upon which we made such exceptions appears to have been negated by our Supreme Court's amendment of the summary judgment rules in 1996. *See* Pa.R.C.P. 1035.2, 1035.3. Accordingly, we find unavailing Harber's assertion that matters on summary judgment are not subject to our Supreme Court's longstanding direction on issue preservation.

¶ 12 In cases preceding the promulgation of Rules 1035.2 and 1035.3, we allowed presentation of arguments for the first time on appeal where the non-moving party had failed to file a response to the motion for summary judgment and the trial court granted the undefended motion without conducting an independent review of the record. *See e.g. Tukovits*, 672 A.2d at 791 n. 6; *Kelly*, 629 A.2d at 1005; *Garcia v. Savage*, 402 Pa.Super. 324, 586 A.2d 1375, 1377 (1991); *Johnson v. Johnson*, 410 Pa.Super. 631, 600 A.2d 965, 967 (1991). We based our decisions on the premise established by former Rule 1035 that the burden of persuasion on summary judgment remained with the moving party and that the non-moving party had no duty even to respond to a summary judgment motion. *See Garcia*, 586 A.2d at 1377 ("Because the burden to establish the absence of a genuine issue of material fact is squarely on the movant, Rule 1035 imposes no requirement of a response by the non-moving party."). In the absence of a response, the Rule imposed a duty on the trial judge to conduct an independent review of the record to discern the movant's entitlement to judgment "as a matter of law." *See Kelly*, 629 A.2d at 1005 ("[T]he trial judge is under a duty, regardless of whether the non-movant files a response, to review the entire record to determine whether a genuine issue of material fact exists, and whether the moving party is entitled to judgment ..."). Accordingly, we addressed arguments presented for the first time on appeal because the non-moving party had no duty to present them below and because the trial court's failure to discern such points indicated a failure in the process of adjudication mandated by Rule 1035. *See Johnson*, 600 A.2d at 967 (reasoning that "failure to raise the issue of inadequate support of a motion for summary judgment does not result in a waiver of that issue since the trial judge has a duty to deny such motions even if the opposing party has not responded"). Thus, we allowed appellants to raise points not addressed by the trial court precisely because the court did not address them despite the mandate of the former rule that those points be considered prior to entry of summary judgment. *See* Pa. R.C.P. 1035 (rescinded Feb. 14, 1996, effective July 1, 1996).

¶ 13 By contrast, under Rule 1035.2 and its corollary, Rule 1035.3, the non-moving party bears a clear duty to respond to a motion for summary judgment. *See* Pa.R.C.P. 1035.3(a)(1), (2) (requiring non-moving party to file a response "within thirty days after service of the motion identifying ... one or more issues of fact arising from evidence in the record controverting the evidence cited [by the movant] in support of the motion or ... evidence in the record establishing the facts essential to the cause of action"). If the non-moving party does not respond, the trial court may grant summary judgment *on that basis*. *See* Pa.R.C.P. 1035.3(d). *See also Stilp v. Hafer*, 701 A.2d 1387, 1390 (Pa.Cmwlth.1997) (recognizing that Rule 1035.3 vests court hearing

motion for summary judgment with discretion to enter judgment on the basis of adverse party's failure to respond). Clearly, Rule 1035.3 substantially attenuates the duty of the trial court as it existed under former Rule 1035 to conduct an independent review of the record. *See* Pa.R.C.P. 1035.3(d). Accordingly, the trial court's failure to scour the record for every conceivable ground on which to deny summary judgment cannot serve as a basis for appellate review. *See* Pa.R.C.P. 1035.3(d). Because, under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them. *See Dollar Bank*, 657 A.2d at 1245 (holding that plaintiff against which trial court entered summary judgment could not challenge entry of judgment on the basis of legal argument it failed to present to trial court). To the extent that our former case law allowed presentation of arguments in opposition to summary judgment for the first time on appeal it stands in derogation of Rules 1035.2 and 1035.3 and is not dispositive in this matter. *See e.g. Tukovits*, 672 A.2d at 791 n. 6; *Kelly*, 629 A.2d at 1005; *Garcia*, 586 A.2d at 1377; *Johnson*, 600 A.2d at 967. The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider. *See Commonwealth v. Lantzy*, 712 A.2d 288, 292 (Pa.Super.1998) (en banc); *rev'd on other grounds Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999) (reaffirming that appellant must demonstrate that trial court's actions were "unwarranted" to establish grounds for reversal). Thus, Harber's reliance on cases interpreting former Rule 1035 to avoid waiver of its first question on appeal is misplaced.

¶ 14 More recently, we have reaffirmed the proposition that a non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal. *See Payton v. Pennsylvania Sling Co.*, 710 A.2d 1221, 1226 (Pa.Super.1998) (concluding that party's choice to argue that evidence was sufficient to establish element of cause of action in accordance with Rule 1035.3(a)(2) waived argument first raised on appeal that record should be supplemented under Rule 1035.3(b) to allow collection of additional evidence through discovery). Our application of the summary judgment rules in *Payton* establishes the critical importance to the non-moving party of the defense to summary judgment he or she chooses to advance. A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not. *See Dollar Bank*, 657 A.2d at 1245. This proposition is consistent with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). In its responses to Defendants' motions for summary judgment, Harber chose to argue merely that it had adduced sufficient evidence of record to sustain its causes of action. We find no indication in any of its responses that Harber ever asserted that the transfer of LPCI's deed in lieu of foreclosure was beyond the scope of the New York court's order. Because Harber failed to raise the grounds before the trial court that it seeks to advance here, we declare that Harber has waived its first challenge to the order granting summary judgment. *See id.*

¶ 15 In its second question on appeal, Harber asks us to determine that its claims of breach of fiduciary duty and

breach of contract were not litigated on the merits in the New York action. Harber contends that the New York court's final decision was based on application of the applicable statutes of limitations and, therefore, is not a disposition "on the merits." Brief for Appellants at 21. *See also R/S Financial Corp. v. Kovalchick*, 552 Pa. 584, 716 A.2d 1228, 1230 (1998) ("Any final valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.").

¶ 16 Harber fails to explain the relevance of its former claims of breach of contract or breach of fiduciary duty to the trial court's disposition or to the causes of action raised in this matter (declaratory judgment, fraudulent transfer, and interference with contractual relations). No relationship is apparent on the face of the pleadings, nor did the trial court conclude that there is one. Notwithstanding the incongruence of Harber's position, we conclude that the underlying question is waived by reason of Harber's failure to raise it before the trial court. Significantly, Harber fails to state in its brief to this Court where in its response to summary judgment it raised its current argument; nor has it chosen to include a copy of its response in the reproduced record. These omissions do not comply with the Rules of Appellate Procedure, *see* Pa.R.A.P. 2117(c), and vest this Court with the discretion to quash Harber's appeal, *see* Pa. R.A.P. 2101. Moreover, the trial court's Rule 1925 opinion offers no discussion of the preclusive effect of prior decisions based on the statute of limitations. Upon review of Harber's replies to the Defendants' motions for summary judgment, we found no discussion of the question Harber now raises, namely, whether a prior decision disposing of a cause of action on the statute of limitations is a disposition "on the merits." In view of the omission of this issue from both the trial court's opinion and Harber's briefs in opposition to summary judgment, we conclude that the question Harber now poses was not raised below. Harber's failure to demonstrate its preservation of this question coupled with the apparent absence of any pertinent discussion before the trial court compels us to conclude that Harber's second question on appeal is, like the first, waived. *See Payton*, 710 A.2d at 1226.

¶ 17 Accordingly, we affirm the trial court's order granting summary judgment.

¶ 18 Order **AFFIRMED.**