**Hafer v. Anadarko E&P Company L.P.**

*Marc S. Drier*, for plaintiffs.
*Andrea E. Hammel*, for defendant.

GRAY, *J.*, January 27, 2014—

### ORDER

Issued Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)

The plaintiffs filed their concise statement of matters

complained of on appeal on January 15, 2014. This court issues the following order pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). Plaintiffs' concise statement of matters complained of an appeal is as follows.

> The trial court erred in granting summary judgment for the defendant, where the written promise at issue, to exercise the extension option by a specified date, did not alter the "integrated" lease; where the defendant, by its predecessor, had admitted the intent to include that term; and where if the parol evidence rule did apply, the pleadings implicitly raised the "fraud, accident or mistake" exception to the parol evidence rule.

This matter arises out of an oil and gas lease executed on May 16, 2006 ("Lease"). On December 4, 2013, this court entered summary judgment in favor of the defendant after concluding that the Lease did not require a payment of $2500 per acre on or by August 13, 2011. For the purposes of this appeal, this court relies upon its opinion and order entered on December 4, 2013, and respectfully requests our Superior Court to affirm this order. However, this court also respectfully provides the following in response to the matters raised by plaintiffs.

First, this court cannot agree that mandating the exercise of the extension "option" would not alter the Lease. It would remove the *option* to pay $2500 per acre to extend the term and instead make it mandatory that both the payment is made and that the term is extended. That would impose an absolute requirement to pay $67,775 for an extension even if defendants would rather elect not to extend the Lease. It would also provide a 5 year difference as to when the payment must be made. This court believes

that mandating such a payment significantly alters the Lease, particularly in light of paragraph 17 of the Lease provides that the Lease itself contains all of the agreements and understandings of the parties to the Lease.

Second, this court cannot agree that plaintiffs raised or preserved the issue of "fraud, accident or mistake." Plaintiffs filed a complaint in assumpsit, which contained no separate counts and no mention of fraud, accident or mistake. Plaintiffs' response and briefing on the motion for summary judgment did not mention fraud, accident or mistake. This court believes that plaintiffs did not raise the issue of fraud, accident or mistake and that this court has not considered those issues or made any ruling on them. As such, this court believes those issues have been waived. *See, e.g., Harber Philadelphia Ctr. City Office v. LPCI*, 764 A.2d 1100, 1105 (Pa. Super. Ct. 2000), *citing*, Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

For these reasons, and those stated in this court's order and opinion of December 6, 2013, this court respectfully requests that the Superior Court affirm.