J-A11007-18

2018 PA Super 270

| TUSCARORA WAYNE INSURANCE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| HEBRON, INC., UNITED INVESTMENT PROPERTIES, VOLUNTEERS OF AMERICA PENNSYLVANIA BRANCH, TRES HERMANOS MEXICAN RESTAURANT, CRAFTY ANTIQUES AND COLLECTIBLES, A&E FURNITURE MATTRESS OUTLET, SAVANNAH'S ON HANNA, JONAS HAIR, PHIL DOBSON, TAHANI S. ALZOGHIER | |
| APPEAL OF: HEBRON, INC. | No. 1591 MDA 2017 |

Appeal from the Order Entered September 12, 2017
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2014-CV-8632-CV

BEFORE: STABILE, J., NICHOLS, J., and PLATT, J.[*]

OPINION BY STABILE, J.:                           **FILED OCTOBER 03, 2018**

In this declaratory judgment action, Appellant, Hebron, Inc. ("Hebron"), appeals from the September 12, 2017 order entered in the Court of Common Pleas of Dauphin County, denying Hebron's motion for summary judgment and granting the motion for summary judgment filed by Appellee, Tuscarora Wayne Insurance Company ("TWIC"). Hebron contends the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

committed error of law and abused its discretion in its summary judgment rulings. We agree and, therefore, reverse and remand.

The event giving rise to this litigation was a May 12, 2014 fire at Hebron's vehicle dismantling facility on South Cameron Street in Harrisburg. The fire started when one of Hebron's truck drivers was attempting to pump gas into a flatbed truck in the loading dock area outside that facility. The fire caused damage to Hebron's facility as well as to neighboring businesses and vehicles parked in the area.

At the time of the fire, Hebron was the named insured under a commercial liability policy issued by TWIC.[1] The policy included an endorsement that excluded "designated ongoing operations." Endorsement CG 21 53 01 96 at 1. The endorsement's Schedule described the designated ongoing operations as "vehicle dismantling" and provided that "[t]his insurance does not apply to . . . property damage arising out of [vehicle dismantling], regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others." *Id.* (quotations omitted). The phrase "vehicle dismantling" is not defined in the policy.

---

[1] As will be discussed *infra*, Hebron's landlord, Appellee United Investment Properties ("UIP"), was named an additional insured on the policy. Hebron secured the liability policy as a condition of its lease with UIP.

On September 19, 2014, TWIC filed a declaratory judgment action, seeking a declaration that it was not obligated to defend or indemnify Hebron for any property damage claims arising from the May 12, 2014 fire ("the Fire") in light of the designated ongoing procedures exclusion ("the Exclusion"). Included as defendants in the action were Hebron and UIP along with eight neighboring entities or individuals alleged to have sustained property damage as a result of the Fire. Hebron and one other defendant filed answers to the complaint with new matter. Default judgments were entered against the eight remaining defendants, including UIP, for failure to answer the complaint. The default judgment against UIP was opened by stipulation of the parties. Upon UIP's filing of its answer to the complaint on May 27, 2016, the pleadings were closed. The parties engaged in discovery, including written interrogatories, depositions of the truck driver and another Hebron employee, both of whom were at the scene of the Fire, and the deposition of TWIC's senior underwriter.

On July 22, 2016, TWIC filed a motion for summary judgment claiming it was entitled to judgment based on the Exclusion. Hebron filed a response and subsequently filed its own summary judgment motion, contending the plain language of the Exclusion did not relieve TWIC of its obligations under the policy or, alternatively, the Exclusion is ambiguous and must be construed in favor of Hebron and against TWIC. Hebron asked the court to grant its motion, deny TWIC's motion, and direct TWIC to defend and indemnify Hebron with respect to the claims related to the Fire. UIP filed a brief in support of

Hebron's motion.  By separate motion, Hebron also sought to compel the deposition of a TWIC corporate designee.

On December 8, 2016, the trial court denied Hebron's motion to compel. Trial Court Order, 12/8/16, at 1-2.  On September 12, 2017, following a hearing on the summary judgment motions, the trial court entered an order granting TWIC's motion and denying Hebron's motion.  Trial Court Order, 9/12/17, at 1-2.  This timely appeal followed.  Hebron timely filed a statement of errors complained of pursuant to Pa.R.A.P. 1925(b).  The trial court filed a Statement in Lieu of Memorandum Opinion in accordance with Pa.R.A.P. 1925(a), indicating that the reasons for its rulings were set forth in the September 12, 2017 order.  The trial court also suggested that the September 12, 2017 order was not a final order disposing of all claims against all parties because UIP remained an active defendant in the case.  Statement in Lieu of Memorandum Opinion, 11/18/17, at 1-2.

Appellant presents three issues for our review:

I.      Whether the present appeal is ripe for consideration?

II.     Whether the trial court committed errors of law and abuses of discretion in awarding summary judgment and declaratory judgment in favor of [TWIC] and denying Hebron's motion for summary judgment?

III.    Whether the trial court erred in denying Hebron's motion to compel the deposition of TWIC's corporate designee?

Appellant's Brief at 7-8 (some capitalization omitted).

Appellant first asks us to find that the appeal is ripe for consideration, contrary to the trial court's statement that the September 12, 2017 order was not a final order.  Statement in Lieu of Memorandum Opinion, 11/18/17, at 1-2.  As noted above, the trial court considered UIP to be an active defendant in the case, preventing the order from being final under Pa.R.A.P. 341(b)(1) ("A final order is any order that [] disposes of all claims and of all parties[.]").  We reject the trial court's determination.

In its declaratory judgment action, TWIC listed UIP among the "potentially interested parties" whose property was damaged in the Fire.  TWIC asked the trial court to declare that TWIC did not have a duty to defend or indemnify Hebron in relation to claims of UIP and the other parties.  By granting summary judgment on the declaratory judgment action in favor of TWIC, the court disposed of all claim of all parties, including UIP who was identified as an additional insured on the policy but had no separate insurable interest under the policy.  If the grant of summary judgment absolves TWIC from any duty to defend or indemnify Hebron, no possible claim by UIP against TWIC survives.

Moreover, in accordance with 42 Pa.C.S.A. § 7532, an order in a declaratory judgment action has "the force and effect of a final judgment or decree."  **See also National Cas. Co. v. Kinney**, 90 A.3d 747, 754 (Pa. Super. 2014).  The trial court's order granted summary judgment to TWIC in

its declaratory judgment action. As such, the order constitutes a final order and the appeal from that order is properly before this Court.

In its second issue, Hebron argues the trial court committed error of law and abused its discretion in granting summary judgment in favor of TWIC in its declaratory judgment action while denying Hebron's summary judgment motion. As this Court reiterated in **Kinney**,

> "Our scope of review of an order granting summary judgment is plenary." **Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership**, 764 A.2d 1100, 1103 (Pa. Super. 2000), *appeal denied,* 566 Pa. 664, 782 A.2d 546 (2001). "[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact." **Id.** "We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered." **Caro v. Glah**, 867 A.2d 531, 533 (Pa. Super. 2004)[.]

**Id.** 90 A.3d at 752 (additional citations omitted).

This Court "may disturb the trial court's order only upon an error of law or an abuse of discretion." **Id.** at 753 (citation omitted). "Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." **Id.** (quoting **Miller v. Sacred Heart Hosp.**, 753 A.2d 829, 832 (Pa. Super. 2000) (internal citations omitted)).

- 6 -

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Id.* (quoting *Lineberger v. Wyeth*, 894 A.2d 141, 146 (Pa. Super. 2006)

(additional citations omitted)).  Further:

Our standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law.  We may not substitute our judgment for that of the trial court if the court's determination is supported by the evidence.

Additionally, we will review the decision of the trial court as we would a decree in equity and set aside the factual conclusions of that court only where they are not supported by adequate evidence.  The application of the law, however, is always subject to our review.

*Id.* (quoting *Erie Ins. Exchange v. Muff*, 851 A.2d 919, 925 (Pa. Super.

2004) (internal citations and brackets omitted)).

Here, the trial court determined:

Hebron Inc. is a vehicle dismantling business . . . insured by [TWIC].  On May 12, 2014, a Hebron employee was experiencing difficulty refueling a company owned truck.  Another employee attempted to help, and while moving an electrical cord connected to the pump, a spark ignited a fire which damaged Hebron's property, neighboring property, and vehicles parked in the area. The effective insurance policy excluded damages that occurred as a result of the ongoing business operations, namely "vehicle dismantling."

Here, . . . fueling a Hebron-owned truck used to retrieve vehicles for dismantling is incidental to the vehicle dismantling business, and as such, the policy excludes coverage for the resulting damages.

Order, 9/12/17, at 2-3. Consequently, the court granted TWIC's summary judgment motion, denied Hebron's motion, and declared that TWIC was not required to defend and indemnify Hebron with regard to claims arising from the Fire. *Id.* at 3-4.

In its brief, Hebron discusses some basic principles of law regarding insurance law and interpretation of insurance contracts. For instance, when policy language is clear and unambiguous, the courts give effect to the language of the contract. Hebron's Brief at 25 (citing ***Paylor v. Hartford Ins. Co.***, 640 A.2d 1234, 1235 (Pa. 1994)). However, if the provisions are ambiguous, the provisions are to be construed in favor of the insured and against the insurer. *Id.* (citing ***Swarner v. Mutual Ben. Group***, 72 A.3d 641, 645 (Pa. Super. 2013)). Further, when an insurer bases a denial of coverage on a policy exclusion, "the burden is on the insurer to establish its application." *Id.* at 26 (quoting ***Swarner***, 72 A.3d at 645). Further, "[e]xclusionary clauses generally are strictly **construed against the insurer and in favor of the insured**[.]" *Id.* (quoting ***Swarner***, 72 A.3d at 645) (emphasis in original).

Here, the trial court concluded that refueling a truck used to transport vehicles to Hebron's facility to be dismantled was "incidental to the vehicle dismantling business." Order, 9/12/17, at 2. Therefore, claims arising from

refueling the truck were subject to the exclusion for "ongoing business operations, namely 'vehicle dismantling.'" *Id.* at 1.[2]

As noted above, this Court will not disturb the trial court's ruling absent abuse of discretion or error of law. Again, "[j]udicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." *Kinney*, 90 A.3d at 753 (quoting *Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa. Super. 2000)).

The Exclusion at issue encompasses ongoing operations described simply as "vehicle dismantling." The phrase is not defined in the policy and, as Hebron argues, should be construed as words of common usage in their natural, plain, and ordinary sense. Hebron's Brief at 27.

> When the phrase "vehicle dismantling" is given its ordinary meaning, the evidence shows that the fire did not arise from vehicle dismantling operations. "Vehicle" is defined as "any device on wheels or runners for conveying persons or objects, as a cart, sled, automobile, etc." Webster's New Twentieth Century Dictionary, [at] 2024 (2nd ed. 1964). "Dismantle" is defined as "to strip or deprive of accessory or essential parts." *Id.* at 526.

*Id.* at 28.

Hebron contends:

---

[2] The only legal authority cited by the trial court is an unreported memorandum decision of this Court. *See* Order, 9/12/17, at 1-2. As Hebron recognizes, the cited case is not only non-precedential and inappropriately relied upon by the trial court (Superior Court I.O.P. 65.37), but also factually distinguishable. Hebron's Brief, at 47-50.

Although Hebron strips vehicles of their parts, the fire did not arise from such operations. This is not a case where the fire was caused by a torch being used to cut through metal or by sparks from a cutting wheel used to separate car parts. The fire arose when [Hebron's operations manager] Mr. Zughyar and [truck driver] Mr. Ibrahim were attempting to add fuel to a Hebron-owned truck driven by Mr. Ibrahim. The fuel was stored in large containers outside of the building and away from the location of the vehicle dismantling operations. When the pump failed to transfer gas from one of the storage containers to the truck, Mr. Zughyar tried to determine the cause of the pump failure. When he moved an extension cord connected to the pump, the extension cord sparked and ignited the fuel and/or fuel vapors. Nothing in this chain of events involves stripping vehicles of their parts, as required by the plain meaning of the phrase "vehicle dismantling."

The cause of the fire in this case was completely unrelated to the process of stripping a vehicle of its parts. In fact, as stated by Mr. Zughyar, all vehicle dismantling operations had ceased at least a half hour prior to the fire starting. Accordingly, contrary to the Policy's exclusion for "Designated Ongoing Operations," at the time of the fire, vehicle dismantling operations had ceased and there were no more "ongoing operations."

More to the point, the fire arose as a result of a faulty extension cord connected to a pump that sparked while a vehicle was being refueled on the Insured Property. Contrary to the [t]rial [c]ourt's holding, the facts of this case do not establish a causal connection between the fire and vehicle dismantling. Hebron's fuel storage is not a component of vehicle dismantling – vehicle dismantling operations can occur with or without Hebron storing fuel on the Insured Property.

*Id.* at 29-31 (references to Zughyar and Ibrahim depositions omitted).

Viewing the facts of this case in the light most favorable to Hebron as the non-moving party, we conclude the trial court abused its discretion in reaching a conclusion that was not in conformity with the facts and circumstances before the court, and committed error of law in declaring that

TWIC was not required to defend or indemnify Hebron based on the Exclusion. The Fire in question started shortly after 5 p.m. in a loading dock area outside the building that housed vehicle dismantling operations. The facility closed at 5 p.m. but vehicle dismantling operations ceased each day at 4:30 p.m. All employees involved in dismantling vehicles had already left the premises when the Fire occurred. The operations manager and a truck driver were fueling a truck so it would be ready for dispatch the following day. The only "connection" the fueling process had with vehicle dismantling operations arises from the fact the fuel used by Hebron trucks was drained from vehicles that were dismantled. However, the fuel drained from vehicles during the dismantling process was deposited in a drum that would later be pumped into larger holding tanks in the loading dock area outside the facility. The fuel remained in the holding tanks until pumped into another holding tank or used to fuel Hebron vehicles. **See** Hebron's Brief at 13 (references to Zughyar deposition omitted).

The trial court's grant of summary judgment based on its conclusion that fueling a truck used to transport vehicles to be dismantled is "incidental to the vehicle dismantling business" misconstrues the facts of this case and runs counter to the obligation to construe policy exclusions in favor of the insured. ***Swarner, supra***. We find the trial court abused its discretion and committed error of law by granting summary judgment on the record before

- 11 -

it. Therefore, we reverse the order granting summary judgment in favor of TWIC.

Hebron also complains that the trial court erred or abused its discretion by denying its summary judgment motion. In its motion, Hebron presents the same argument in favor of granting summary judgment as it raised in opposition to TWIC's motion, contending TWIC is required to defend and indemnify Hebron for claims arising from the Fire. Hebron claims the Fire did not occur in the course of conducting vehicle dismantling and, therefore, the Exclusion does not apply. We have already concluded that the Fire did not occur in the course of vehicle dismantling so as to be subject to the Exclusion. Therefore, TWIC is required to defend and indemnify Hebron under the terms of TWIC's policy and Hebron is entitled to summary judgment in its favor.

In its third issue, Hebron argues the trial court erred in denying its motion to compel the deposition of TWIC's corporate designee. Because the purpose of that deposition was to ascertain what information was used in interpreting phrases in the TWIC policy and its reasons for denying coverage, the issue is denied as moot.

For the reasons stated above, the trial court's September 12, 2017 order granting summary judgment in favor of TWIC and denying summary judgment in favor of Hebron is reversed.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/03/2018</u>