J-S36003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PNC NATIONAL ASSOCIATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM PERRY | |
| Appellant | No. 183 WDA 2022 |

Appeal from the Judgment Entered January 5, 2022
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD-19-013687

BEFORE:  STABILE, J., KING, J. and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:          **FILED: JANUARY 3, 2023**

Appellant, William Perry ("Perry"), appeals from an order granting summary judgment to Appellee, PNC National Association ("PNC"), in this mortgage foreclosure action.  The lone argument in Perry's appellate brief is that PNC is not the holder of the mortgage due to an alleged defect in the chain of title.  We affirm.

On October 2, 1995, Irene Perry executed a promissory note in favor of Integra Mortgage Company.  The note was for the principal sum of $33,950.00, payable in equal, consecutive, monthly installments of principal and interest on a loan to purchase the property at 1711 LaPorte Street, Pittsburgh, Pennsylvania.  On the same day, as security for her obligations under the note, Ms. Perry executed a mortgage on the property.  On October

---

[*] Retired Senior Judge assigned to the Superior Court.

3, 1995, the mortgage was recorded in the Office of the Allegheny County Recorder of Deeds.

Ms. Perry subsequently died, leaving her grandson, William Perry, as the owner of the property. The record reflects that Perry failed to make monthly payments on the note from February 2019 onward. PNC served Perry with a notice of intent to foreclose on the mortgage, but Perry failed to cure the default.

On September 25, 2019, PNC filed a complaint in foreclosure against Ms. Perry. On October 23, 2020, the court granted PNC's motion to amend the complaint to change the party defendant to William Perry due to Ms. Perry's death. On October 29, 2020, PNC filed an amended complaint identifying Appellant as the owner of the property following Ms. Perry's death and designating Perry as the proper defendant. On November 24, 2020, Perry, through counsel, filed preliminary objections to PNC's amended complaint. On February 11, 2021, the court sustained Appellant's preliminary objections and ordered PNC to file a second amended complaint "attach[ing] documents to support the assignments, mergers, or other transfers of ownership of the subject mortgage and note." Order, 2/11/21.

On March 18, 2021, PNC filed a second amended complaint which alleged that it became the holder of the note and mortgage through a series of mergers and name changes. Specifically, PNC alleged that:

(1) Integra Mortgage Company, the original mortgagee, merged with and into National City Mortgage Company;

(2)     National City Mortgage Company changed its name and became National City Mortgage Inc.;

(3)     National City Mortgage Inc. merged with and into National City Real Estate Services LLC;

(4)     National City Real Estate Services LLC merged with and into National City Bank;

(5)     National City Bank merged with and into PNC Bank, N.A. in 2009.

Second Amended Complaint, at ¶¶ 6-10.  The documents establishing these mergers and name changes are attached to the second amended complaint.

Perry filed preliminary objections to the second amended complaint which the court overruled.  Perry then filed an answer to the second amended complaint alleging that he lacked sufficient knowledge or information to form a belief as to the foregoing allegations.  Answer To Second Amended Complaint With New Matter, at ¶¶ 6-10.  Perry admitted other facts, however, such as that (1) Ms. Perry executed the note and mortgage, (2) Perry is the owner of the property, and (3) the mortgage was in default beginning on February 1, 2019.  *Compare* Second Amended Complaint at ¶¶ 3-4, 15, 17 with Answer To Second Amended Complaint at ¶¶ 3-4, 15, 17.

On October 21, 2021, PNC filed a motion for summary judgment alleging, with documentary support, that Perry was in default on the mortgage.  PNC made the same allegations and attached the same exhibits concerning the mergers and name change that it did in the second amended complaint.  Furthermore, PNC alleged that it was in possession of the original

note and offered the note for inspection, but Perry did not request inspection. PNC's Motion For Summary Judgment at ¶ 8. Perry did not file any response or opposition to the motion for summary judgment.

On January 5, 2022, the trial court scheduled oral argument on the motion for summary judgment. Perry did not appear at that hearing or otherwise contest the motion. On the same date, the trial court granted summary judgment to PNC.

On February 3, 2022, Perry filed a notice of appeal to this Court. Both Perry and the trial court complied with Pa.R.A.P. 1925. The trial court stated in its opinion that PNC was entitled to summary judgment because there were no genuine issues of material fact and because PNC was both in possession of the original note and a holder in due course. Opinion, 3/24/22, at 4-5.

Our standard of review of an appeal from an order granting summary judgment is well settled:

> Summary judgment may be granted only in the clearest of cases where the record shows that there are no genuine issues of material fact and also demonstrates that the moving party is entitled to judgment as a matter of law. Whether there is a genuine issue of material fact is a question of law, and therefore[,] our standard of review is *de novo* and our scope of review is plenary. When reviewing a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party.
>
> **Reason v. Kathryn's Korner Thrift Shop**, 169 A.3d 96, 100 (Pa. Super. 2017) (citation omitted).

Perry raises a single issue in this appeal, "Can *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-1262 [(Pa. Super. 2013)] be distinguished from the present case in that [PNC,] the purported mortgagee plaintiff in the present case[,] demonstrated on the face of its pleadings a defect in the chain of title of the mortgage?" Perry's Brief at 3. We hold that Perry waived this argument for failing to raise it in the trial court.

We base our decision upon rules of civil procedure relating to summary judgment, Pa.R.Civ.P. 1035.2 and 1035.3, and *Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership*, 764 A.2d 1100 (Pa. Super. 2000), that analyzed these rules at length.

Rule 1035.2 provides as follows:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.Civ.P. 1035.2. Rule 1035.3 provides, in relevant part, that

the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from

- 5 -

a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.Civ.P. 1035.3(a)(1)-(2).

"Summary judgment may be entered against a party who does not respond." Pa.R.Civ.P. 1035.3(d). The trial court may, in its discretion, enter judgment against a party that fails to respond to a summary judgment motion. **Payton v. Pennsylvania Sling Co.**, 710 A.2d 1221, 1224 (Pa. Super. 1998).

Prior to promulgation of Rules 1035.2 and 1035.3 in 1996, this Court "allowed presentation of arguments for the first time on appeal where the non-moving party had failed to file a response to the motion for summary judgment and the trial court granted the undefended motion without conducting an independent review of the record." **Harber**, 764 A.2d at 1104 (collecting cases). Under this practice, "the trial court's failure to discern such points [on its own, without direction from the non-moving party] indicated a failure in the process of adjudication ..." **Id.** **Harber** explained, however, that subsequent to promulgation of Rules 1035.2 and 1035.3, parties cannot raise arguments on appeal that they failed to raise in the trial court in response to motions for summary judgment:

> [U]nder Rule 1035.2 and its corollary, Rule 1035.3, the non-moving party bears a clear duty to respond to a motion for summary judgment. **See** Pa.R.C.P. 1035.3(a)(1), (2) (requiring non-moving party to file a response "within thirty days after service of the motion identifying ... one or more issues of fact

arising from evidence in the record controverting the evidence cited [by the movant] in support of the motion or ... evidence in the record establishing the facts essential to the cause of action"). If the non-moving party does not respond, the trial court may grant summary judgment on that basis. *See* Pa.R.C.P. 1035.3(d). *See also Stilp v. Hafer*, 701 A.2d 1387, 1390 (Pa. Cmwlth. 1997) (recognizing that Rule 1035.3 vests court hearing motion for summary judgment with discretion to enter judgment on the basis of adverse party's failure to respond). Clearly, Rule 1035.3 substantially attenuates the duty of the trial court as it existed under former Rule 1035 to conduct an independent review of the record. *See* Pa.R.C.P. 1035.3(d). Accordingly, the trial court's failure to scour the record for every conceivable ground on which to deny summary judgment cannot serve as a basis for appellate review. *See* Pa.R.C.P. 1035.3(d). Because, under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them. *See Dollar Bank [v. Swartz]*, 657 A.2d [1242], 1245 [(Pa. 1995)] (holding that plaintiff against which trial court entered summary judgment could not challenge entry of judgment on the basis of legal argument it failed to present to trial court). To the extent that our former case law allowed presentation of arguments in opposition to summary judgment for the first time on appeal it stands in derogation of Rules 1035.2 and 1035.3 and is not dispositive in this matter . . . The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider . . .

*Id.* at 1104-05. *Harber* also cited the well-known principle articulated in

Pa.R.A.P. 302 that "issues not raised in the lower court are waived and cannot

be raised for the first time on appeal." *Id.* at 1105.

We recently applied *Harber* in a case that is virtually identical to the

case at bar. *See PHH Mortgage Corporation v. Lupu*, —A.3d—, 2022 WL

2047111 (Pa. Super., Jun. 7, 2022) (unpublished memorandum).[1]  In **PHH Mortgage**, as in the present case, the trial court granted summary judgment to the mortgagee in a mortgage foreclosure action after the mortgagor failed to respond to the mortgagee's motion for summary judgment.  The mortgagor appealed to this Court and filed a brief raising four arguments.  Citing **Harber**, we held that "because Appellant did not file a response to the motion for summary judgment in the trial court, the issues he presents on appeal are waived."  **PHH Mortgage**, 2022 WL 2047111, at *3.

In view of **Harber** and **PHH Mortgage**, we hold that because Perry did not file a response to PNC's motion for summary judgment in the trial court, he has waived the issue he attempts to raise in his appellate brief concerning the alleged defect in the chain of title in the mortgage.  Accordingly, we affirm the order granting summary judgment to PNC.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2023

---

[1] Pursuant to Pa.R.A.P. 126(b), we may cite unpublished memoranda filed after May 1, 2019 as persuasive authority.