J-S28004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUSAN WILLIAMS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARNUNTUM ASSOCIATES, L.P., | : | No. 2208 EDA 2020 |
| ACME MARKETS, INC.,  DEVON | : | |
| SQUARE SHOPPING CENTER | : | |
| ASSOCIATES,  CENTER POINT PLACE | : | |
| ASSOCIATES, L.P. AND WESTOVER | : | |
| PROPERTY MANAGEMENT COMPANY | : | |

Appeal from the Order Entered October 22, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190402221

| | | |
|---|---|---|
| SUSAN WILLIAMS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARNUNTUM ASSOCIATES, L.P., | : | No. 2210 EDA 2020 |
| ACME MARKETS, INC., | : | |

Appeal from the Order Entered October 22, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 181100389

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 19, 2021**

---

[*] Retired Senior Judge assigned to the Superior Court.

Susan Williams appeals from the orders that granted summary judgment to defendants Carnuntum Associates, L.P., Acme Markets, Inc., Center Point Place Associates, L.P., and Westover Property Management Company (collectively "Appellees") in these consolidated premises liability actions. Upon review, we quash the appeal at 2208 EDA 2020 as interlocutory and affirm the trial court's grant of summary judgment to Appellees at 2210 EDA 2020.

The trial court offered the following summary of the background of these cases.

> On November 6, 2018, [Ms. Williams] filed a complaint naming Carnuntum Associates, L.P., Acme Markets Inc. as defendants under docket number 181100389. In the complaint [Ms. Williams] claimed she suffered injuries resulting from a slip and fall while on [Appellees'] property on October 10, 2017, due to [Appellees'] negligence. On April 15, 2019, [Ms. Williams] filed a complaint for negligence under docket number 190402221 relating to the same slip and fall event, naming as defendants Devon Square Shopping Center Associates, Center Point Place Associates, LP, and Westover Property Management Company. [Ms. Williams] also included Carnuntum Associates, L.P., Acme Markets Inc. as defendants in this complaint.
>
> On September 6, 2019, Appellees filed a motion to consolidate these separate actions on grounds that they arose from the same factual allegations, same transaction, and same occurrence. On October 2, 2019, the Honorable Denis Cohen granted Appellees' motion to consolidate for purposes of discovery and trial under 181100389. On November 14, 2019, Appellees filed a motion for summary judgment and on December 9, 2019, [Ms. Williams] filed a response. On January 10, 2020, th[e trial] court dismissed Appellees['] motion for summary judgment as premature. On September 16, 2020, Appellees filed a second motion for summary judgment. [Ms. Williams] never filed any formal response to this motion. On October 22, 2020, the [trial] court issued two separate identical orders granting [Appellees']

motion for summary judgment docketed under cases 181100389 and 190402221.

Trial Court Opinion, 2/10/21, at 1-2 (cleaned up).

Ms. Williams filed a motion for reconsideration at each of the case numbers, acknowledging that she had failed to re-file her summary judgment response after Appellees re-filed their motion. She asked the trial court to clarify whether it took the prior response into consideration in granting the motions, and, if not, to re-evaluate Appellees' motions upon consideration of the prior responses. *See* Motion for Reconsideration (190402221), 10/29/20, at ¶¶ 9-17. Appellees responded, opposing consideration of the previous response and alternatively arguing that consideration of it would not produce a different result.

The trial court denied reconsideration at one docket, Ms. Williams filed notices of appeal at both dockets, then the trial court denied reconsideration at the second docket. Thereafter, both Ms. Williams and the trial court complied with Pa.R.A.P. 1925. This Court subsequently consolidated the two appeals, which are now ripe for disposition.

Before we delve into the issues raised by Ms. Williams, we consider whether both of these appeals are properly before us. Appellees contend that the order granting summary judgment in case 190402221 is not final and appealable because it does not dispose of all claims and all parties. *See* Appellees' brief at 13-14. Specifically, Appellees state that Ms. Williams's claim against Devon Square Shopping Center Associates remains pending

because damages have yet to be assessed upon the default judgment that was entered against it on liability only. ***See id***. at 13; Praecipe to Enter Default Judgment (190402221), 9/4/19, at unnumbered 2. Ms. Williams did not file a reply brief addressing Appellees' contentions.

It is well-settled that "[i]n this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." ***Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1151 (Pa.Super. 2009) (internal quotation marks omitted). From our review of the certified record, it does not appear that any of those bases for jurisdiction exists as to case 190402221.

A final order is one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). With the claim against Devon Square Shopping Center Associates unresolved, the trial court's summary judgment order herein does not dispose of all claims and of all parties. Nor does the order include a determination of finality by the trial court pursuant to Pa.R.A.P. 341(b)(3) and (c). Hence, the order granting Appellees' motion is not a final order in case 190402221.

The order likewise is not an appealable interlocutory order. Orders granting summary judgment as to fewer than all defendants are not among the orders immediately appealable as of right enumerated in Pa.R.A.P. 311. Nor did Ms. Williams seek permission to appeal the order pursuant to Pa.R.A.P.

312. Finally, the order concluding that Appellees are entitled to judgment as a matter of law is not an immediately-appealable collateral order. "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). The order here resolves the underlying cause of action, not an issue separate to it, and there is no indication that delayed review until a final judgment is entered will result in irreparable loss of Ms. Williams's claim.

Consequently, the appeal at 2208 EDA 2020 from the summary judgment order entered in case 190402221 was filed from an unappealable interlocutory order and must be quashed.

We now address the appeal in case 181100389 filed at 2210 EDA 2020. Ms. Williams states twelve separate questions for our consideration, but presents only one argument in the body of her brief. **Compare** Ms. Williams's brief at 6-9 **with id**. at 14-22. We address only the question for which she has developed argument. **See**, **e.g.**, **Commonwealth v. Phillips**, 141 A.3d 512, 522 (Pa.Super. 2016) ("[I]ssues raised in a Brief's Statement of Questions Involved but not developed in the Brief's argument section will be deemed waived."). That question is whether genuine issues of material fact precluded the entry of summary judgment. **See** Ms. Williams's brief at 14.

The following principles govern our review:

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court.

An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Sampathkumar v. Chase Home Fin., LLC*, 241 A.3d 1122, 1144 (Pa.Super. 2020) (cleaned up).

Pursuant to Pa.R.C.P. 1035.3, when a motion for summary judgment is filed, an adverse party

may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.C.P. 1035.3(a).

In responding, "[a]n adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence." Pa.R.C.P. 1035.3(b). The rule further specifies that "[s]ummary judgment may be entered against a party who does not respond." Pa.R.C.P. 1035.3(d).

Ms. Williams acknowledges that she failed to file a response to Appellees' second motion for summary judgment "due to clerical error and attorney oversight." Ms. Williams's brief at 15. She contends that she nonetheless is entitled to relief from this Court because "there were other items of record, other than the pleadings, to show that genuine issues of material fact existed." *Id*. Specifically, she cites photos included in her response to the prior summary judgment motions which had been dismissed because it was filed when the pleadings were not yet closed, as well as the portions of her deposition testimony contained in Appellees' motion. *Id*. Therefore, she argues, "[t]he trial court erred when it granted Appellees' motion for summary judgment and failed to view the evidence in the light most favorable to the non-moving party." *Id*. at 16.

Under now-defunct Pa.R.C.P. 1035, the prior version of the summary judgment rule, "the burden of persuasion on summary judgment remained with the moving party and . . . the non-moving party had no duty even to respond to a summary judgment motion." ***Harber Philadelphia Ctr. City***

***Office Ltd. v. LPCI Ltd. P'ship***, 764 A.2d 1100, 1104 (Pa.Super. 2000). "In the absence of a response, the rule imposed a duty on the trial judge to conduct an independent review of the record to discern the movant's entitlement to judgment as a matter of law." ***Id***. (cleaned up). Thus, this Court "addressed arguments presented for the first time on appeal because the non-moving party had no duty to present them below and because the trial court's failure to discern such points indicated a failure in the process of adjudication mandated by Rule 1035." ***Id***.

> By contrast, under Rule 1035.2 and its corollary, Rule 1035.3, the non-moving party bears a clear duty to respond to a motion for summary judgment. If the non-moving party does not respond, the trial court may grant summary judgment on that basis. Clearly, Rule 1035.3 substantially attenuates the duty of the trial court as it existed under former Rule 1035 to conduct an independent review of the record. Accordingly, the trial court's failure to scour the record for every conceivable ground on which to deny summary judgment cannot serve as a basis for appellate review. Because, under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them. . . . The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider.

***Id***. at 1104–05 (citations omitted). ***Accord*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Ms. Williams's belated attempt to respond to Appellees' motion with her motion for reconsideration did not serve to preserve her claims for our review. As a general rule, "[e]ven if an issue was included in a subsequently filed motion for reconsideration, issues raised in motions for reconsideration are beyond the jurisdiction of this Court and thus may not be considered by this Court on appeal." **Stange v. Janssen Pharm., Inc.**, 179 A.3d 45, 63 (Pa.Super. 2018) (cleaned up). This Court has recognized an exception to that rule where the motion for reconsideration "functioned much like a petition to open a default judgment and application to file a response *nunc pro tunc*." **Green v. Tr. of Univ. of Pennsylvania**, ___ A.3d ___, 2021 PA Super 209, 2021 WL 4851998 at *4 (Pa.Super. Oct. 19, 2021). Such filings include "a reasonable excuse or explanation for failing to file a responsive pleading" or factual allegations evincing that the failure to timely respond was "due to non-negligent circumstances on counsel's part." **Id**. at *4-5.

In the instant case, Ms. Williams did not offer in her motion for reconsideration an excuse for failing to comply with Pa.R.C.P. 1035.3 that amounted to a reasonable explanation of non-negligent circumstances. Rather, as the trial court aptly noted, the motion for reconsideration indicated only that the lack of a response was "due to what [Ms. Williams] vaguely claims was 'an unfortunate clerical error made by counsel.'" Trial Court Opinion, 2/10/21, at 5 (quoting Motion for Reconsideration, 10/29/20, at ¶ 10). Such vague allegations are insufficient to allow us to consider on appeal

the issues raised in the reconsideration motion. *Cf. Green*, *supra* at *2 (detailing counsel's proffered explanation for failing to respond to a motion for sanctions, including that the administrative assistant who devised the solo practitioner's system of receiving electronic notices of court filings had left his employ during the pandemic while counsel was at home with three small children).

Consequently, we hold that the trial court did not err in granting Appellees' motion for summary judgment pursuant to Pa.R.C.P. 1035.3(d) in the face of no response from Ms. Williams without first scouring "the record for every conceivable ground on which to deny summary judgment."[1] *Harber*, *supra* at 1105. Further, responses to the motion raised for the first time in the motion for reconsideration are not properly before us as a basis for relief. *Stange*, *supra* at 63. Therefore, at 2210 EDA 2020, we affirm the trial court's order granting summary judgment to Appellees in case 181100389.

Appeal at 2208 EDA 2020 quashed. Order affirmed at 2210 EDA 2020.

_____

[1] In authoring its Rule 1025(a) opinion, the trial court examined Ms. Williams' prior response and suggested as an alternative basis for affirmance that summary judgment was proper because the record contained insufficient evidence to establish that Appellees created or had actual or constructive knowledge of a condition on their property which created an unreasonable risk of harm to business invitees such as Ms. Williams. *See* Trial Court Opinion, 2/10/21, at 10-12. Were we to consider the merits of Ms. Williams's contention that material factual disputes precluded the entry of summary judgment, we would hold that she was not entitled to relief for the reasons stated by the trial court in its opinion.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2021