J-S04033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FTF LENDING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ONASIS ENTERPRISES, LLC AND | : | |
| NIRMAL R PATEL AND CHRISTOPHER | : | |
| RAHN AND CITY OF PHILADELPHIA | : | No. 1043 EDA 2021 |
| DEPARTMENT OF LICENSES AND | : | |
| INSPECTION AND  OCCUPANTS OR | : | |
| TENANTS 6985 SILVERWOOD | : | |
| STREET PHILADELPHIA, PA 19128 | : | |
| AND OCCUPANTS OR TENANTS | : | |
| 6975R-6985 SILVERWOOD STREET | : | |
| PHILADELPHIA, PA 19128 AND | : | |
| OCCUPANTS OR TENANTS 6975 | : | |
| SILVERWOOD STREET | : | |
| PHILADELPHIA, PA 19128 | : | |
| | : | |
| | : | |
| APPEAL OF: ONASIS ENTERPRISES, | : | |
| LLC, AND NIRMAL R. PATEL AND | : | |
| CHRISTOPHER RAHN | : | |

Appeal from the Order Entered April 8, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200802754

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 25, 2022**

Defendants/Appellants Onasis Enterprises, LLC, Nirmal R. Patel, and

Christopher Rahn (collectively, "Onasis") appeal from the Order entered in the

Court of Common Pleas of Philadelphia County granting summary judgment

---

[*] Former Justice specially assigned to the Superior Court.

in favor of Plaintiff/Appellees FTF Lending, LLC ("FTF"). Herein, Onasis contends the court's order was erroneous claiming FTF's motion diverged from local rules of civil procedure, which prescribe the requisite form and contents of motions for summary judgment.

Finding the court exercised sound discretion when it accepted FTF's motion and granted summary judgment in FTF's favor, we affirm.

The present matter stems from an underlying *in rem* mortgage foreclosure action filed by FTF alleging Onasis' default under a commercial promissory note having an original principal amount of $2,400,000.00.

Specifically, on February 5, 2019, Onasis executed a mortgage on several parcels of real property it had pledged as security for a commercial loan it received from FTF. Under the corresponding promissory note, Onasis was required to pay FTF certain interest-only installments due on January 1, 2020 and February 1, 2020, and a balloon payment on or before February 5, 2020, the denoted "maturity date", on which all accrued and unpaid interest, the unpaid principal, and all other sums recoverable under the Note were due. Onasis paid neither the installments nor the balloon payment as scheduled.

On February 7, 2020, FTF issued a notice of default to Onasis, but Onasis failed to remedy the default within the cure period. On September 1, 2020, FTF filed its Complaint, and on November 5, 2020, Onasis filed its Answer to the Complaint with New Matter, which raised 18 affirmative defenses.

On March 1, 2021, FTF filed a motion for summary judgment and accompanying memorandum of law in which it set forth averments with record

support that Onasis, as of January 31, 2021, was in default to pay the total debt of $1,121,848.08, plus *per diem* interest of $587.20 from February 1, 2021, and thereafter, and all other amounts recoverable under the Note and Mortgage. It also provided legal argument dismissing each of Onasis' affirmative defenses.

On March 31, 2021, Onasis filed a Reply in Opposition to the Motion for Summary Judgment in which it argued for dismissal of FTF's motion as willfully nonconforming with the procedural requirements of Phila.Civ.R. *1035.2(a), reproduced *infra*. Most notable, according to Onasis' reply, were the motion's failures to divide the factual averments in consecutively numbered paragraphs, to allege within each paragraph a single material allegation, to reference within each allegation where support thereof may be found in the record, and to attach record support as needed.

Onasis' reply acknowledged that FTF's motion had "incorporated by reference" the specific averments of fact and record attachments contained in the memorandum of law, but the reply denied that this inclusion overcame the provision in Local Rule *1035.2(a) barring consideration of memorandum averments not raised in a motion.

Nowhere did the reply contest the substance of the averments and exhibits identifying the debt owed, other than to state summarily and generally, without explanation or reference to the record, that it disputed the amount calculated.

Instead, the reply focused exclusively on the form of FTF's' motion and alleged an "incredible degree of disrespect" out-of-state opposing counsel had shown the trial court "by demanding the clerks and Judges of the Philadelphia Court of Common Pleas learn how to read a Motion for Summary Judgment following what Defendants assume to be the style or procedural requirements of Ohio Jurisprudence" *See* Reply, 3/31/21, at 2 (unpaginated).

The trial court, however, rejected Onasis' position and effectively deemed the language of FTF's motion, coupled with the form and substance of its accompanying memorandum of law, sufficient under the local rules to support an order granting summary judgment in FTF's favor. This timely appeal followed.

Onasis raises the following issues for this Court's consideration:

1. Was it an abuse of discretion and error of law to grant the Motion for Summary Judgment when (1) no Case Management Order had been entered scheduling discovery deadlines and (2) no discovery had been commenced in the underlying action in part because no discovery deadlines had been entered or determined by the Philadelphia Court of Common Pleas?

2. Was it an abuse of discretion and error of law to grant the Motion for Summary Judgment because there was an issue of material fact as to the amount of the alleged amount owed by Defendants?

3. Was it an abuse of discretion and error of law to grant the Motion for Summary Judgment because the underlying Motion for Summary Judgment was not filed in accordance with the Pennsylvania Rules of Civil Procedure and Philadelphia Rules of Civil Procedure?

4. Was it was [sic] an abuse of discretion of law to grant the Motion for Summary Judgment because the instant Motion for Summary Judgment was filed in violation [of] Pennsylvania Rules of Civil Procedure and Phila, Civil Rule 1035.2(a) because the underlying motion was devoid of any reference to the record or any exhibits or any factual allegations or numbered paragraphs containing any factual allegations sufficient to support granting the underlying Motion for Summary Judgment including but not limited to the nature of the default and the amount of the alleged debt?

Brief of Appellants, at 5-6.

In addressing Onasis' appeal, the following principles govern our review:

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court.

An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

***Sampathkumar v. Chase Home Fin., LLC***, 241 A.3d 1122, 1144 (Pa. Super. 2020) (cleaned up). ***See also Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (noting an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion).

In their first issue, Onasis contend the trial court abused its discretion and/or committed an error of law by prematurely accepting FTF's motion and granting summary judgment to the preclusion of "necessary discovery." Appellant's Brief at 9. Onasis argues that typically in Philadelphia Courts of Common Pleas, discovery does not commence until a Case Management Order is issued, whereas in the case *sub judice*, "no adequate timetable for discovery had been outlined by the court." Brief of Appellants, at 9.

Pennsylvania Rule of Civil Procedure 1035.3(e) provides that a court may rule upon a motion for summary judgment at any time prior to trial, even without written responses or briefs, if no party is prejudiced. Prejudice occurs if a party "is not given a full and fair opportunity to supplement the record and to oppose the motion." Pa.R.Civ.P. 1035.3(e)(1).

Initially, we note that Onasis had the opportunity to raise this issue in its Reply in Opposition to the Motion for Summary Judgment, but they failed to do so. It is well-settled that under relevant rules, "the non-moving party bears a clear duty to respond to a motion for summary judgment." ***Harber Philadelphia Center City Office Ltd. V. LPCI Ltd. Partnership***, 764 A.2d 1100 (Pa. Super. 2000) (citing Pa.R.Civ.P. 1035.2 and 1035.3(a)(1), (2)). If the non-moving party does not respond, the trial court may grant summary judgment on that basis. ***Id***.

Under our rules, therefore, the non-moving party:

> bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert

that the trial court erred in failing to address them. ... The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider.

*Id.* at 1104–05 (citations omitted). *Accord* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Because Onasis never presented this issue for the trial court's consideration either in their reply or by any other means, we apply the preceding jurisprudence to find Onasis have waived their first challenge to the order granting summary judgment.

In Onasis' second issue, they maintain summary judgment was erroneous where an issue of material fact existed as to the amount allegedly owed by Onasis. In support of this claim, Onasis offer only the bare assertion that "there remained significant issues of material fact as to the alleged judgment amount, which [was] never ascertained by the court. These issues were never examined during the discovery process in that no Case Management Order was ever issued in the underlying case." Brief for Appellants, at 9.

The record belies Onasis' claim, as it shows the trial court ascertained the judgment amount based on record attachments to FTF's motion and memorandum of law. Onasis, meanwhile, have failed to identify, either in its Reply in Opposition or in its present appellate brief, what part of the record

demonstrates a genuine issue of material fact with respect to the amount of debt averred by FTF and accepted by the trial court.

"It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim." ***Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014); ***see also***, ***Commonwealth v. Phillips***, 141 A.3d 512, 522 (Pa. Super. 2016) ("[I]ssues raised in a Brief's Statement of Questions Involved but not developed in the Brief's argument section will be deemed waived."). As we find Onasis' argument underdeveloped, we deem their second issue waived.

Onasis' third and fourth issues coalesce to challenge the trial court's order granting summary judgment notwithstanding the alleged nonconformity of FTF's motion with Philadelphia County's local rules pertaining to the form and content of such motions.[1] In particular dispute is the motion's "incorporation by reference" of facts and record support for such facts raised and developed fully in the accompanying memorandum of law.

According to Onasis, incorporation by reference "is not enough" to satisfy the demands of Philadelphia Local Rule of Civil Procedure *1035.2(a)(2), motion for Summary Judgment, which addresses the required form and contents of a motion. In support of this position, which Onasis

---

[1] Because Pa.R.Civ.P. 1035.2 provides no details as to the formal requirements of a motion for summary judgment, local practice establishes such requirements. ***See***, ***e.g.***, Goodrich-Amram 2d § 1035.2:9.

specifically raised in its Reply in Opposition, Onasis relies solely on the language of the local rule, itself.

Philadelphia Local Rule of Civil Procedure 1035.2(a)(2) provides, in relevant part, as follows:

> (2) Content of the Motion for Summary Judgment. The moving party shall provide the bases for the entry of summary judgment in a motion divided into consecutively numbered paragraphs. Each paragraph shall contain as far as practicable only one material allegation. The moving party must reference in each allegation the "record" (as that term is defined in Pa.R.Civ.P. No. 1035.1) which the moving party wants the court to consider, and shall attach a copy of that record as an exhibit. The moving party shall include with the motion a brief or memorandum of law, as provided in Phila.Civ.R. *210. The brief or memorandum of law shall provide the court with the legal bases for summary judgment in light of the allegations made in the motion, and shall not reference any fact or pleading not raised in the motion. Any fact or allegation mentioned in the brief or memorandum of law which is not listed in the summary judgment motion will not be considered by the court.
>
> . . . .

Phila.Civ.R. *1035.2(a)(2).

As noted, FTF's motion "incorporated by reference" the averments of fact and supporting record that were both on file and presented specifically in the accompanying memorandum of law. The memorandum, in turn, was formatted in a manner fully compliant with the local rule's provisions pertaining to a motion, as it was divided into consecutively numbered paragraphs each containing a singular allegation supported by a reference to and/or an attachment of a the "record" that FTF wanted the court to consider. **See** Local Rule *1035.2(a)(2), *supra*.

The trial court found FTF's filing to be fundamentally, if not technically, compliant with the local rule. The motion's incorporation by reference of the factual averments, affidavits, and extensive exhibits that were otherwise set forth in conformity with the rule's formatting and content requirements informed the court and Onasis of the evidentiary proffer made in support of FTF's claim. That is, Onasis was in default of its promissory note and, as a result, owed FTF the outstanding balance as specified in the filing.

Given this format, the trial court determined FTF's motion and memorandum, taken together, had placed Onasis on notice of their need to come forth with a reply demonstrating the existence of facts essential to its defense. Onasis had a full and fair opportunity to address both the averments of facts as well as the merits of FTF's argument in this regard but instead chose to focus their reply exclusively on the form of FTF's motion.

Accordingly, the trial court filed its order granting summary judgment. The trial court found the variant form of FTF's motion did not impede Appellant's ability to file a meaningful response addressing the substance of the filing. Thus, the court concluded, its order granting the motion in no way prejudiced Appellant.

We discern no abuse of discretion with the trial court's decision to act in the interests of judicial economy and accept for substantive review FTF's motion. The trial court was in the best position to assess that the filing, when viewed as a whole under both local and corresponding state rules of civil

procedure,[2] clearly and appropriately set forth individually-stated, specific facts and record evidence in support of its claim.

As such, we agree Onasis had been put on notice that if they were to avoid an adverse order of summary judgment, an equally specific, evidence-based response creating a genuine issue of material fact was required on their part. Despite having every opportunity to address the merits of FTF's filing in this way, Onasis elected to confine their reply to matters of form and procedure.

Therefore, in light of an uncontradicted record regarding the note, mortgage, default, and resulting debt, all of which were substantiated by FTF in its motion and memorandum of law, we find the trial court properly granted summary judgment in favor of Plaintiff/Appellee FTF.

Order affirmed.

_____

[2] We deem the trial court's exercise of sound discretion consistent with not only Phila.Civ.R. *1035.2, *supra*, but also Phila.Civ.R. *51(c), which provides that "all Philadelphia Civil Rules shall be construed liberally to insure that no one is denied justice[,]" and its analog under the Pennsylvania Rules, Rule 1926--**Liberal Construction and Application of Rules**, which instructs, "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.Civ.P. 126.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2022