J-S15019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADRIAN LUPU A/K/A ADRIAN OF THE | : | |
| FAIMLY LUPU RODICA STEFAN A/K/A | : | |
| RODICA OF THE FAMILY LUPU | : | No. 2353 EDA 2021 |
| | : | |
| | : | |
| APPEAL OF: ADRIAN LUPU | : | |

Appeal from the Order Entered October 19, 2021
In the Court of Common Pleas of Chester County
Civil Division at 2017-11108-RC

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 7, 2022**

Adrian Lupu (Appellant) appeals *pro se* from the order granting summary judgment in favor of Appellee, PHH Mortgage Corporation (PHH), in this mortgage foreclosure action.[1]  We affirm.

On November 22, 2017, PHH's predecessor in interest, Ocwen Loan Servicing, LLC (Ocwen), filed a complaint in mortgage foreclosure.  Ocwen alleged Appellant's December 2011 default on a mortgage secured by property in Coatesville, Pennsylvania.

---

[1] Rodica Stefan (Stefan), Appellant's wife and defendant below, is not a party to this appeal.

In January 2019, Ocwen filed a motion for summary judgment with supporting documentation (including loan documents, the mortgage assignment, and an affidavit from an Ocwen senior loan analyst calculating an outstanding balance of $454,660.00). Appellant filed a response on February 4, 2019. Shortly thereafter, the trial court entered summary judgment in favor of Ocwen in the amount of $454,660.00. Appellant filed a timely appeal from that order.[2] In response, the trial court stated:

> [Appellant's] second and arguably primary argument is that the signatures on the mortgage are forgeries. As we stated in the footnote to our February 22, 2019 Order [granting summary judgment], this issue was raised and fully litigated in an action brought by [Appellant] in the United States District Court [for] the Eastern District of Pennsylvania. The Honorable Cynthia M. Rufe ruled that: "the record has been developed through discovery and [Appellant] has not produced any evidence from which a factfinder could conclude that the mortgage documents were invalid or forged." [Appellant] failed to appeal this decision; therefore these arguments are barred by *res judicata* and collateral estoppel.

Trial Court Opinion, 5/17/19, at 2-3.

Prior to this Court issuing a decision, Ocwen filed an unopposed motion to vacate and remand to the trial court. Motion to Vacate, 8/8/19, at 1-2. Ocwen alleged its recent discovery that, in July 2017, Appellant filed a deed transferring title of the property from Appellant alone, to both Appellant and his wife, Stefan; thus, Ocwen sought to amend the complaint to name Stefan

_____

[2] On March 27, 2019, the mortgage was assigned to PHH, who praeciped for voluntary substitution of appearance.

as a party. *Id.* This Court granted the motion on September 24, 2019, and remanded the case to the trial court.

PHH filed an amended complaint on January 2, 2020, and a motion for summary judgment on September 7, 2021. Neither Appellant nor Stefan filed a response. On October 19, 2021, the trial court granted summary judgment pursuant to Pennsylvania Rule of Civil Procedure 1035.3(d), which permits summary judgment when the non-moving party fails to respond. Noting its prior grant of summary judgment in 2019, the court entered judgment in the amount of $557,808.01.

Appellant filed a notice of appeal from the October 19, 2021, order, and a court-ordered Rule 1925(b) statement. The trial court issued a statement in lieu of opinion, explaining it granted summary judgment based on Appellant's failure to respond to PHH's motion. Statement in Lieu of Pa.R.A.P. 1925(a) Opinion, 1/6/22, at 1 (unnumbered).

On appeal, Appellant raises the following issues:

[1.] Did the trial court err in granting the motion for summary judgment of [PHH] without Subject Matter Jurisdiction?

[2.] Did the trial court err in granting the motion for summary judgment of [PHH] and denying [Appellant's] motion for summary judgment in the face of dispute of material facts essential to the action?

[3.] Did the trial court err when it ignored the factual and legal basis presented by [Appellant's] arguments presented in the paperwork?

[4.] Did the trial court err when the court ruled on its motion for summary judgment when there was a trial scheduled to have the case heard properly on its merits?

Appellant's Brief at 4-5.

We begin by recognizing,

[o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Michael v. Stock*, 162 A.3d 465, 472–73 (Pa. Super. 2017) (citation omitted). "[P]arties seeking to avoid the entry of summary judgment against them may not rest upon the averments contained in their pleadings. On the contrary, they are required to show, by depositions, answers to interrogatories, admissions or affidavits, that there is a genuine issue for trial." *Washington Fed. Sav. & Loan Ass'n v. Stein*, 515 A.2d 980, 981 (Pa. Super. 1986) (citation omitted).

As noted above, Rule 1035.3 provides for judgment when a party fails to respond. The Rule states:

(a) … **the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response** within thirty days after service of the motion identifying

- 4 -

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

* * *

(d) **Summary judgment may be entered against a party who does not respond.**

Pa.R.C.P. 1035.3.(a)(1)-(2), (d) (emphases added).

A non-moving party's "failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal." *Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship*, 764 A.2d 1100, 1105 (Pa. Super. 2000) (citation omitted).

Our application of the summary judgment rules [] establishes the critical importance to the non-moving party of the defense to summary judgment he or she chooses to advance. A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not. This proposition is consistent with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

*Id.* (some citations omitted).

Instantly, because Appellant did not file a response to the motion for summary judgment in the trial court, the issues he presents on appeal are

waived.[3]  **See id.**  Although Appellant is *pro se*, his *pro se* status does not relieve him of his obligation to follow the rules.  **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008); **Commonwealth v. Adams**, 882 A.2d 496, 497 (Pa. Super. 2005) (*pro se* litigant must "assume the risk" that his "lack of expertise and legal training will prove [his] undoing.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2022

---

[3] In addition, Appellant's brief contains numerous deficiencies which impede our review and compel waiver.  **See** Pa.R.A.P. 2116; Pa.R.A.P. 2119(a).  For example, Appellant raises four issues in his statement of questions, but his only argument (that his signature on the mortgage was a forgery) is not one of the four issues.  **See U.S. Coal Corp. v. Dinning**, 222 A.3d 431, 440 (Pa. Super. 2019), **appeal denied**, 237 A.3d 388 (Pa. 2020) (finding waiver where appellant's argument was not suggested by statement of questions).